IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES F. BARTH<br>and TINA BARTH,<br>husband and wife,<br><br>      1286 E. Elmwood Avenue<br>      Terre Haute, IN 47802<br><br>      Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br>a Virginia Corporation,<br><br>and<br><br>STEVENS CABINETS, INC.,<br>(a/k/a Stevens Industries, Inc.)<br>a Delaware Corporation,<br><br>      Defendants. | )<br>)<br>)<br>) CASE NO.: 06-721-GPM<br>)<br>)<br>) CJRA TRACK:<br>)<br>)<br>) PRESUMPTIVE TRIAL MONTH:<br>)<br>)<br>) JUDGE:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Parties

1. The plaintiffs, Charles F. Barth ("Mr. Barth") and Tina Barth ("Mrs. Barth"), have, at all times relevant hereto, been citizens and residents of Terre Haute, Indiana.

2. Defendant CSX Transportation, Inc. ("CSX"), is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Jacksonville, Florida, and, at all times relevant hereto, CSX has been doing business within the jurisdiction of this Court as a common carrier in interstate and intrastate commerce and has been engaged in interstate commerce and transportation.

3.      On information and belief, defendant Stevens Cabinets, Inc., a/k/a Stevens Industries, Inc. ("Stevens"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Teutopolis, Illinois, and its registered agent in this state located in Effingham, Illinois.  At all times relevant hereto, this defendant has done business within the jurisdiction of this Court by knowingly and purposefully placing products it has manufactured into the stream of American commerce with knowledge that such products would be purchased and used by persons within this juridical district and division, and also by means of deriving substantial revenue and income from the sale of such products to persons within this judicial district and division.

## Jurisdiction and Venue

4.      Mr. Barth's cause of action against CSX arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended, which provides for concurrent jurisdiction in the state and federal courts, and jurisdiction herein is accordingly proper.  45 U.S.C. § 56.

5.      Mr. Barth's and Mrs. Barth's causes of action against Stevens for common law negligence and loss of consortium, respectively, are proper under 28 U.S.C. § 1332, there being complete diversity of citizenship as between the plaintiffs and the defendants and there being an amount in controversy in excess of $75,000.00, exclusive of interests and costs.

6.      Venue herein is also proper, the defendants having regularly and purposefully conducted their business activities and affairs within this judicial district and division at all times relevant hereto, and the subject accident having occurred within this judicial district.

Count One
(Mr. Barth's FELA Claim against CSX)

7. The plaintiffs hereby reallege paragraphs 1 through 6 of this Complaint as if the same were set forth verbatim herein.

8. This cause of action arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended.

9. On or about November 18, 2005, Mr. Barth was working his regular job as a CSX conductor on train J-729 between Terre Haute, Indiana, and East St. Louis, Illinois. While working in the course and scope of his employment, and performing his customary duties as CSX employee at the Stevens Industry Warehouse in Teutopolis, Illinois, Mr. Barth was severely injured when he was hit from behind by a forklift being operated by an employee of Stevens.

10. At the time of the aforesaid incident, Mr. Barth's duties were in furtherance of interstate commerce, and Mr. Barth's work directly, closely and substantially affected the interstate commerce carried on by the defendant railroad, CSX.

11. At the time of the aforesaid incident, CSX negligently, recklessly and carelessly failed to provide Mr. Barth with a reasonably safe place to work. The negligence, recklessness and carelessness of CSX will be more fully determined during the course of discovery, but, based on the information presently available, CSX clearly failed to promulgate and/or enforce rules, regulations, policies and procedures for the safe and proper performance of its employees' work at the Stevens warehouse; failed to implement reasonable policies or procedures whereby Stevens Industries employees would be notified whenever CSX train crews were present at the Stevens warehouse; failed to implement reasonable policies and procedures whereby CSX train crews would be notified

as to the presence of Stevens employees at the Stevens warehouse; and CSX was otherwise negligent.

12.     CSX thereby failed to comply with the provisions and requirements of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended.

13.     As a result of the negligence and statutory violations of CSX described above, Mr. Barth sustained severe and permanent personal injuries. He has suffered physical pain, discomfort and mental anguish, related to these injuries, and this will or may continue in the future and may be permanent; he has incurred substantial expenses for hospital, doctors and related medical care, and in the future he will or may continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings and benefits from his employment, and in the future he will or may continue to lose time, income and earning capacity, as well as other benefits from his employment; and he has been unable to perform many of the usual and personal affairs of a man of his age and position in life, and in the future he will or may continue to be unable to perform some or all of such affairs.

<u>Count Two</u>
(Mr. Barth's Negligence Claim against Stevens)

14.     The plaintiffs hereby reallege paragraphs 1 through 13 of this Complaint as if the same were repeated verbatim herein.

15.     On information and belief, the subject accident of November 18, 2005, took place on premises that are owned and controlled by Stevens.

16.     At the time of the subject accident, Mr. Barth enjoyed the status of an "invitee," having lawfully entered Stevens' premises with the express or implied permission of Stevens in order to transact business thereon that would benefit Stevens.

17. As an invitee, Mr. Barth was owed by Stevens a duty to keep its premises reasonably safe, and to provide him with reasonable warning of any unreasonable danger which Stevens knew, or had reason to know, might exist thereon.

18. Mr. Barth was also owed a duty by Stevens, by and through its agents and employees, to conduct its activities and operations with ordinary care and in a reasonably safe manner, so as to not cause injury to others who were lawfully on its premises.

19. At the time of the subject accident on November 18, 2005, and in breach of each and every one of the aforesaid duties, an employee of Stevens, while acting within the course and scope of his employment, negligently, carelessly and recklessly struck Mr. Barth with a forklift that was being operated by the Stevens employee within the subject warehouse.

20. As a result of the aforesaid negligence, carelessness and recklessness of Stevens, Mr. Barth sustained severe and permanent personal injuries. He has suffered physical pain, discomfort and mental anguish, related to these injuries, and this will or may continue in the future and may be permanent; he has incurred substantial expenses for hospital, doctors and related medical care, and in the future he will or may continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings and benefits from his employment, and in the future he will or may continue to lose time, income and earning capacity, as well as other benefits from his employment; and he has been unable to perform many of the usual and personal affairs of a man of his age and position in life, and in the future he will or may continue to be unable to perform some or all of such affairs.

Count Three
(Loss of Consortium Claim of Tina Barth against Stevens)

21. The plaintiffs hereby reallege paragraphs 1 through 20 of this Complaint as if the same were set forth verbatim herein.

22. At all times relevant hereto, the plaintiffs, Charles F. Barth and Tina Barth, have been married and have lived together as husband and wife.

23. As a direct and proximate result of the injuries to Mr. Barth, as set forth above in this Complaint, Mr. Barth has been unable to fulfill some or all of the duties and obligations assumed by him in his marriage relationship with Tina Barth, including her right to aid, assistance, comfort, society, companionship, material services, felicity and sexual intercourse, recognized generally under Illinois law as a loss of consortium, some or all of which inability will or may continue in the future and may be permanent, and Tina Barth has accordingly suffered a loss of consortium, some or all of which loss will or may continue in the future and may be permanent.

24. Tina Barth's claim for loss of consortium is asserted solely against Stevens, as such damages are not recognized under the FELA.

WHEREFORE, the plaintiff, Charles F. Barth, demands judgment of and from the defendants, CSX Transportation, Inc., and Stevens Industries, Inc., jointly and severally, for all reasonable and appropriate compensatory damages, together with interest and the costs of this proceeding, as well as such other and further relief in his favor as this Court may deem appropriate. Likewise, the plaintiff, Tina Barth, demands judgment of and from the defendant, Stevens Industries, Inc., for all reasonable and appropriate compensatory damages, together with interest and the costs of this proceeding, as well as such other and further relief in her favor as this Court may deem appropriate.

THE PLAINTIFFS, AND EACH OF THEM, DEMAND A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.

                              CHARLES F. BARTH and TINA BARTH

By   /s/ Willard J. Moody
    Willard J. Moody, Esquire
    (Va. State Bar No. 22866
    Michael R. Davis, Esquire
    (Va. State Bar No. 32880
    MOODY, STROPLE, KLOEPPEL
     BASILONE & HIGGINBOTHAM, INC.
    500 Crawford Street, Suite 300
    Portsmouth, Virginia 23704
    (757) 393-4093
    (757) 397-7257 (facsimile)

    And,

SCHLICHTER, BOGARD & DENTON

Jerome J. Schlichter, IL Bar #02488116
J. Brad Wilmoth, IL Bar #06285268
120 S. Main Street, Suite 208
Belleville, IL 62220
(618) 632-3329
(314) 621-7151 (fax)
jshlichter@uselaws.com
bwlmoth@uselaws.com

Attorneys for Plaintiffs